IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIL IBN MANLEY, | No. 2:14-cv-1340-TLN-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| DAVE DAVEY,[1] | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 12). Petitioner filed an opposition to the motion (Doc. 15), and respondent filed a reply (Doc. 22).

**I.     MOTION TO DISMISS**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

---

[1] Respondent requests the Court substitute the warden at petitioner' current location of incarceration, California State Prison - Corcoran, as the proper respondent to this action pursuant to Federal Rule of Civil Procedure 25(d). This request is granted, and the Clerk of the Court is directed to update the docket to reflect the above caption.

1

Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss petitioner's federal habeas corpus petition on the grounds[2] that the petition is a second or successive petition filed without leave of the Court of Appeals.  Petitioner opposes the motion, arguing *inter alia* that his petition is not successive, that he is only challenging his unconstitutional sentence which is predicated on a new rule of constitutional law made retroactive.

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist.  Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence.  See id. Before a second or successive petition can be filed in the district court, however, the petitioner

---

[2] Respondent also contends the petition is untimely, filed well beyond the statute of limitations.  The undersigned agrees, but finds it unnecessary to reach this issue given that it is also a second or successive petition as discussed herein.

must first obtain leave of the Court of Appeals.  See 28 U.S.C. § 2244(b)(3).  In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it.  See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits.  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).  A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court.  See Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990).  Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits because the possibility of returning to court following exhaustion exists and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive.  See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).  The dismissal of a petition as untimely, however, does constitute a decision on the merits because such a dismissal is a determination that the claims will not be considered.  See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009).  Likewise, the denial of a petition on procedural default grounds is also a determination on the merits.  See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard, 905 F.2d at 1322-23, and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

Here, petitioner does not dispute that he has filed prior petitions for writ of habeas corpus in this court.  His first prior[3] petition, Manley v. Knowles, 2:01-cv-1608-FCD-PAN, was dismissed without prejudice pursuant to his voluntary dismissal request.  His second petition, Manley v. Campbell, 2:03-cv-0030-JKS, which challenged this same sentence and conviction, was dismissed as filed beyond the statue of limitations, or in the alternative denied on the merits.

---

[3] This court takes judicial notice of petitioner's prior cases.  See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

Rather, petitioner argues that he meets the exception to the rule set forth in § 2244(b)(2), that his current petition relies on a new rule of constitutional law.  Specifically, he contends that his current petition is based on two United States Supreme Court cases, <u>Miller v. Alabama</u>, 567 U.S. ___, 132 S. Ct. 2455 (2012) and <u>Graham v. Florida</u>, 560 U.S. 4 (2010).

   Petitioner's argument that he meets the exception set forth in § 2244(b)(2) is simply made to the wrong court.  As respondent contends, such an argument must be made to the Court of Appeals in an application for leave to file a second or successive petition.  Until such permission is requested and granted by the Court of Appeals, this court lacks jurisdiction to reach the merits of his arguments.  See <u>Cooper v. Calderon</u>, 274 F.3d at 1274-75.

   Based on the foregoing, IT IS HEREBY RECOMMENDED that:

   1. Respondent's motion to dismiss (Doc. 12) be granted on the ground that the petition is successive; and

   2. Petitioner's application for writ of habeas corpus be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a second or successive petition.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 16, 2016

               _____
               **CRAIG M. KELLISON**
               UNITED STATES MAGISTRATE JUDGE